BLD-158                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4083
_____

WILLIAM H. PIERCE,
                                        Appellant

v.

SUPERINTENDENT DAVID W. PITKINS,
SCI Laurel Highlands;
MS. ANNETTE KOWALESKI,
C.H.C.A. SCI Laurel Highlands;
MR. R.D. MASON, Physical Therapy Supervisor;
DOCTOR SALAMEH, M.D., SCI Laurel Highlands
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 3-12-cv-00131)
District Judge:  Honorable Kim R. Gibson
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 14, 2013

Before:  SCIRICA, HARDIMAN and GREENAWAY, JR., Circuit Judges

(Opinion filed April 8, 2013)
_____

OPINION
_____

PER CURIAM

William Pierce appeals pro se from the order of the United States District Court for the Western District of Pennsylvania dismissing Pierce's civil complaint.

Pierce filed a complaint against medical and prison personnel employed at State Correctional Institute Laurel Highlands ("SCI-Laurel Highlands"). Pierce raised claims under 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA"), Title II, 42 U.S.C. § 12132. Pierce was previously incarcerated at State Correctional Institute Smithfield, but after developing health problems Pierce was transferred to SCI-Laurel Highlands for medical care in July 2011. Pierce claimed that while at SCI-Laurel Highlands he received inadequate physical therapy, was improperly discharged from the physical therapy program, was not provided necessary medical aids, and did not receive proper treatment for abdominal and gastrointestinal illness.

The Magistrate Judge issued a report and recommendation recommending that the complaint be dismissed for failure to state a claim. The Magistrate Judge concluded that Pierce did not set forth a violation of either the Eighth Amendment or the ADA and that he failed to show that the non-medical personnel had any personal involvement; the Magistrate Judge granted Pierce leave to amend his complaint as to the defendants who were medical personnel, but he did not do so. Pierce filed objections to the report and recommendation in which he further set forth the basis and argument in support of his claims. On September 24, 2012, the District Court adopted the report and

recommendation and dismissed Pierce's federal claims.[1]  Pierce timely filed a notice of appeal.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291.  Our review of the District Court's sua sponte dismissal under 28 U.S.C. § 1915(e)(2)(B) is plenary, and "we must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom."  Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000) (quoting Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)) (internal quotation marks omitted).

## III.

We will summarily affirm the District Court's September 24, 2012 order dismissing Pierce's complaint.

The District Court properly dismissed Pierce's claim that Defendants deprived him of medical care and therapy in violation of the Eighth Amendment.  For the delay or denial of medical care to rise to a violation of the Eighth Amendment's prohibition against cruel and unusual punishment, a prisoner must demonstrate "(1) that defendants were deliberately indifferent to [his] medical needs and (2) that those needs were serious."  Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999).  Deliberate indifference requires proof that the official "knows of and disregards an excessive risk to inmate health or safety."  Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 582 (3d Cir.

---

[1] The District Court dismissed any potential state-law negligence claim without prejudice

2003) (quoting <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994)). We have found deliberate indifference where a prison official: "(1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended treatment." <u>Rouse</u>, 182 F.3d at 197. Deference is given to prison medical authorities in the diagnosis and treatment of patients, and courts "disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment . . . (which) remains a question of sound professional judgment." <u>Inmates of Allegheny Cnty. Jail v. Pierce</u>, 612 F.2d 754, 762 (3d Cir. 1979) (quoting <u>Bowring v. Godwin</u>, 551 F.2d 44, 48 (4th Cir. 1977)). Allegations of negligent treatment or medical malpractice do not trigger constitutional protections. <u>Estelle v. Gamble</u>, 429 U.S. 97, 105-06 (1976).

Pierce's complaint failed to allege that prison officials were deliberately indifferent to his medical needs. First, Pierce's allegation that his physical therapy was delayed or denied does not establish deliberate indifference. Pierce was in physical therapy from August 2011 to November 2011 when he was discharged due to a lack of progress. Pierce was readmitted to the physical therapy program in January 2012 and continued until March 2012 when he was discharged because it was determined he could continue the physical therapy exercises on his own. Pierce's disagreement with the method of physical therapy he received is not sufficient to establish a constitutional

---

to allow Pierce to file a complaint in state court.

4

claim.  See Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987).

Second, Pierce's allegation that he was limited to using a regular wheelchair with cushion modifications instead of his preferred choice, a "geri-chair," does not establish deliberate indifference.  Pierce alleged that the wheelchair he was provided aggravated his condition, despite the added cushioning and protective boot provided for his left foot.  However, SCI-Laurel Highlands personnel concluded that because Pierce was able to propel and reposition himself in his wheel chair he was not a candidate for a geri-chair.  Again, Pierce's disagreement with his treatment does not establish a constitutional claim. See id.

Pierce's final allegations of a constitutional violation related to the treatment he received for abdominal and gastrointestinal illness also failed to establish deliberate indifference.  Pierce complained that he was not given x-rays of his abdomen to identify the source of his discomfort.  However, as treatment for his abdominal and gastrointestinal problems, Pierce was given regular enemas, provided with suppositories, treated with Gas X, treated for hemorrhoids, examined by Defendant Salameh, and assessed by a specialist.  Pierce alleged that the specialist stated x-rays could diagnose his abdominal pain and that in June 2012 when he finally received x-rays they revealed an impacted colon and infections.  Although denial or delay of reasonable requests for medical treatment can constitute deliberate indifference, see id. at 346-47, Pierce did not

5

allege that he was denied or delayed treatment for his gastrointestinal problems; rather, he alleged that he was denied his preferred method of treatment, which, in light of the treatment he was receiving, does not establish deliberate indifference. See id. at 346 ("[M]ere allegations of malpractice do not raise issues of constitutional import.").

Finally, Pierce's claim that Defendants violated the ADA was properly dismissed. To establish a violation of Title II of the ADA, an inmate must allege that: (1) he is a qualified individual with a disability; (2) he was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities, and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability. See 42 U.S.C. § 12132. Pierce's complaint asserted that Defendants violated the ADA and failed to allege any facts that demonstrated that the alleged inadequate or improper medical care he received was because of a disability. Consequently, dismissal of this claim was appropriate.

## IV.

For the foregoing reasons and because no substantial question is presented by this appeal, we will summarily affirm the District Court's order dismissing Pierce's complaint. 3d Cir. LAR 27.4; I.O.P. 10.6.